HERBERT M. THOMPSON, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thompson v. Commissioner
Docket No. 21674-81.
United States Tax Court
T.C. Memo 1984-32; 1984 Tax Ct. Memo LEXIS 645; 47 T.C.M. (CCH) 928; T.C.M. (RIA) 84032; January 16, 1984. *645 Petitioner was an employee for part of 1976. He was self-employed, delivering mail under contract with the United States Postal Service for the remainder of 1976 and for all of 1977, 1978, and 1979. Held: (1) Petitioner failed to show that his deductible expenses for any of these years exceeded the amounts allowed by respondent. (2) Petitioner is liable for additions to tax under section 6654 (estimated tax), I.R.C. 1954, for each of these years. Herbert M. Thompson, Jr., pro se. Walter T. Thompson, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT. Judge: Respondent determined deficiencies in Federal individual income taxes and additions to tax under sections 6653(b) [1] (fraud) and 6654 (estimated tax) against petitioner as follows: Additions to Tax
Year
Deficiency [2] *646 Sec. 6653(b)
Sec. 6654
1976
$1,869.48
$934.74
$36.32
1977
2,427.68
1,213.84
86.40
1978
2,173.89
1,086.95
69.47
1979
2,371.31
1,185.65
99.30
At trial, respondent conceded the additions to tax under section 6653(b) for all of the years in issue. The issues for decision are as follows: (1) Whether petitioner is entitled to deductions in amounts greater than those allowed by respondent; and (2) Whether petitioner is liable for additions to tax under section 6654. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in the instant case was filed, petitioner resided in Oracle, Arizona. Petitioner worked for Magma Copper Company from January to May 1976, for which he was paid $4,608.33 in wages in 1976. From these wages, Magma Copper Company withheld $715.40 as Federal income taxes. On or about June 1976, petitioner began to deliver mail in Oracle as an independent contractor under a contract awarded by the United States Postal Service (hereinafter sometimes referred to as "the USPS"). For petitioner's services, the USPS paid to him the amounts set forth in table 1. Table 1
Year
Amount
1976
$6,440.25
1977
12,887.70
1978
11,967.15
1979
12,944.00
Petitioner *647 did not file income tax returns for any of the years in issue. Petitioner did not pay estimated taxes for any of the years in issue. Petitioner did not keep books or records of his income and expenses during or for any of the years in issue. He kept records for warranty purposes, but destroyed them when the respective warranties expired. Respondent determined in the notice of deficiency that petitioner should be allowed deductions for "automobile mileage" in the amounts set forth in table 2. Table 2
Year
Mileage
$ /Mile
Amount
1976
4,410
.15
$662
1977
8,820
.17
1,499
1978
8,820
.17
1,499
1979
8,820
.185
1,632 OPINION I. Business Expenses
The parties agree that petitioner is taxable on his income. Respondent maintains that petitioner has to show what his business expenses were, or at least show that these expenses were more than the amounts allowed in the notice of deficiency. Petitioner maintains that the USPS merely reimbursed him for his expenses, consequently there was no profit and (except for the 1976 Magma Copper Company wages) no net income to tax. We agree with respondent. Petitioner is taxable on his business gross income (sec. 61 (a)(2)), less his trade or business deductions (sec. 62(1)), *648 including his ordinary and necessary business expenses (sec. 162). Respondent's determination as to matters of fact in the notice of deficiency "has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner has adamantly refused to present evidence to show error in respondent's determination. The parties originally stipulated to an exhibit which suggested that petitioner's deductible expenses might have exceeded the amounts allowed by respondent. The trial was delayed five days in order to give petitioner an opportunity to secure additional evidence. However, on the appointed day, petitioner (1) failed to present evidence as to additional deductions and (2) requested that the stipulated exhibit not be received, because "I don't wish that exhibit to cloud the larger issue by quibbling over a few dollars. I would like to see that exhibit stricken, even if to my detriment." The "larger issue", apparently, is petitioner's contention that he "did not receive taxable income in compensation for [his] services, but simply a *649 nontaxable reimbursement." Petitioner concedes that he did not submit expense lists, vouchers, or receipts to the USPS and that the USPS did not pay him on account of any claims for reimbursement. The contract pages stipulated into evidence indicate that fuel costs and route distances were taken into account by the USPS in setting contract rates, but that does not absolve petitioner from the obligation to present evidence that would persuade this Court that he incurred the expenses that the USPS may have assumed he incurred. Further, we do not believe that petitioner would have gone on, year after year, delivering the mail merely for reimbursement of his business expenses. Petitioner may be public-spirited, but he has shown no source of funds to cover his nondeductible personal expenses (sec. 262). [3]
We hold for respondent on this issue. II. Estimated Tax--Sec. 6654
Petitioner has the burden of proving error in respondent's determination that additions to tax should be imposed under section 6654. Hollman v. Commissioner,38 T.C. 251, 263 (1962). *650 Although the parties do not focus on this point, it is evident that Magma Copper Company's withholding of Federal income tax from petitioner's 1976 wages must have taken place during the first half of 1976. If it is to petitioner's advantage to do so, the addition to tax under section 6654 for 1976 is to be computed by applying section 6654(e)(2) on the basis that $373.80 was withheld from petitioner's wages by April 15, 1976, and the remainder of the withheld income tax was withheld by June 15, 1976. Apart from the foregoing modification, we hold for respondent on this issue. * * * Respondent chose to concede the fraud addition to tax. We do not know what evidence respondent would have presented if this matter had not been conceded, and so we venture no comment on this point. Respondent did not choose to assert additions to tax under section 6651(a)(1) (failure to file timely returns) or 6653(a) (negligence or willful disregard of rules and regulations). The record presented in the instand case would sustain these two additions, if they had been asserted. Petitioner must understand that it is not enough that he make a determination "in the privacy of [his] head or [his] home" *651 (as he put it at the hearing) that his deductible expenses are sufficient to leave him with no income tax liabilities. He is required to keep the books and records necessary to support his private determination. If he wishes to challenge an adverse determination by respondent, then he must be able to present evidence to support his private determination. Finally, petitioner should understand that the statute of limitations never runs (sec. 6501(c)(3)) [4] for a year as to which petitioner fails to file a return; for such a year petitioner may be forever at risk. To take account of respondent's concession as to the additions to tax under section 6653(b), and our modification as to the addition to tax under section 6654 for 1976, Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all chapter and section references are to chapters and sections of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. Of these amounts, self-employment taxes under chapter 2 are as follows: 1976--$456.48, 1977--$899.68, 1978--$847.89, and 1979-$916.31. The remaining amounts are chapter 1 income taxes.
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
4. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. * * * (c) Exceptions.-- * * * (3) No return.--In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩